IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TARAS KERR, SID # 813913,** | § § § | |
| *Plaintiff,* | § § | CIVIL NO. SA-19-CA-853-OLG |
| vs. | § § | |
| **WALMART STORE,** | § § | |
| *Defendant.* | § § § | |

## SHOW CAUSE ORDER

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Taras Kerr ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

### I. Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.

1999) (internal quotation marks and citation omitted). A complaint contains frivolous claims when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under Sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

In his Section 1983 Complaint, Plaintiff Kerr alleges that on April 8, 2018, he attempted to return a damaged backpack he bought at a San Antonio Walmart Store. According to Kerr, the Walmart customer service representative refused to let him exchange the backpack, yelled at him, and refused to call the Walmart corporate offices as Kerr demanded. When Kerr was leaving the store, a Walmart greeter grabbed his arm, which further offended Kerr. Kerr alleges that after that, he left the store angry and was involved in a confrontation with a San Antonio police officer that resulted in Kerr being shot four times, tasered, and drowned by the officer. (This is not a lawsuit against the police though—only Walmart.) Kerr woke up from a coma a

week later and was told that part of his colon was removed, had a shattered femur, and his left arm and elbow were reconstructed. Kerr alleges the Walmart employees' rude treatment of him was responsible for the "chain of events" resulting in his injuries. Kerr alleges the Walmart employees mistreated him because he is gay. Kerr sues Walmart seeking damages of $42,000,000.

As is explained above, an IFP plaintiff's complaint is considered frivolous and is subject to dismissal if it is based on fantastic or delusional factual scenarios, relies upon a legal theory that is indisputably meritless, or fails to state a claim on which relief can be granted. In this case, Kerr's claims currently have the following deficiencies:

**a.      Walmart is not a state actor and therefore cannot be sued under Section 1983.**

To state a Section 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff may satisfy the "under color of state law" requirement of Section 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugas v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Walmart and its employees are not state actors—in other words, they are not state employees, officers, or officials—and they are therefore not subject to suit in a Section 1983 case. *See Jacksoon v. Walgreens Corp.*, 361 Fed. App'x 968, 969 (10th Cir. 2010) (store employees were not "state actors" subject to liability under § 1983); *Prowisor v. Bon-Ton, Inc.*, 232 Fed. App'x 26, 28 (2d Cir. 2007) (store's private security guard was not "state actor" for purposes of Section 1983).

In short, because it is not a state actor or acting in concert with the state, Walmart cannot be sued under Section 1983 for any alleged violation of Kerr's rights, and neither can its employees, who are not alleged to be state actors or acting at the direction of state actors either.

**b.      Plaintiff fails to allege facts that would support a discrimination claim against Walmart.**

Although Walmart cannot be sued under Section 1983 for alleged constitutional violations, certain federal statutes do apply to Walmart. For instance, Title II of the Civil Rights Act of 1964 prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" with regards to "enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation." 42 U.S.C. § 2000a(a). But Kerr does not contend that Walmart discriminated against him based on his race, color, religion, or national origin. He claims that he was discriminated against based on his sexual orientation. Title II does not cover sexual orientation claims, or even sex-discrimination claims.[1] The Court is not aware of any other federal law that would make sexual-orientation discrimination by Walmart, a private entity, actionable. Furthermore, Kerr failed to allege facts that would support a claim that he was discriminated against because he is gay. Kerr fails to allege how the Walmart employees would know (or care) that he was gay or that he was adversely treated because he was gay. A plaintiff must allege facts not legal conclusions. *See Ashcroft*, 556 U.S. at 678.

**c.      Furthermore, Plaintiff fails to allege facts that would support a claim the Walmart employees were responsible for his injuries.**

---

[1] Even if Title II did prohibit sex discrimination, it is unlikely that the Fifth Circuit would extend the law to discrimination based on sexual orientation, given the Fifth Circuit has made clear in the context of Title VII that a prohibition of discrimination because of sex does not include sexual orientation discrimination. *See Wittmer v. Phillips,* 66 Co., 915 F.3d 328, 330 (5th Cir. 2019).

Even assuming Kerr were otherwise able to state a claim under Section 1983, other tort law, or an anti-discrimination law, he would nevertheless have to show that the defendant's illegal behavior was the proximate cause of his damages. *See, e.g.*, *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005) (requiring a plaintiff to demonstrate the violation proximately caused the plaintiff's damages for purposes of Section 1983). But in his Complaint, Kerr does not explain how Walmart or its employees were responsible for the injuries that he claims to have sustained as the result of a confrontation with police after he left the store, or why his alleged injuries at the hands of the police would have been the reasonably foreseeable consequence of his behavior.

### III. Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to Sections 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the Section 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

SIGNED this 26th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE